**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| DAYLE L. GRACE and THOMAS ALEXANDER GRACE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF RIPLEY, TENNESSEE; | ) |
| LAUDERDALE COUNTY, TENNESSEE; | ) |
| CITY OF RIPLEY POLICE DEPARTMENT; | ) |
| LAUDERDALE COUNTY SHERIFF'S | ) |
| DEPARTMENT; RIPLEY CITY MAYOR JON | ) |
| PAVLETIC, in his individual and official capacity as | ) |
| Mayor of the City of Ripley; LAUDERDALE | ) |
| COUNTY MAYOR MAURICE GAINES, in his | ) |
| individual and official capacity as Mayor of Lauderdale | ) |
| County, Tennessee; DONNELL BALTIMORE, in his | ) No. 2:16-cv-02395-JPM-dkv |
| individual and official capacity as the Chief of Police | ) |
| for the City of Ripley; SHAUN FINE, in his individual | ) |
| and official capacity as a police officer of the Ripley | ) |
| Police Department; SHERIFF STEVE SANDERS, in | ) |
| his individual and official capacity as the Sheriff of | ) |
| Lauderdale County, Tennessee; JOHN DOE 1, in his | ) |
| individual and official capacity as a deputy of the | ) |
| Lauderdale County Sheriff's Department; JOHN DOE | ) |
| 2, in his individual and official capacity as a deputy of | ) |
| the Lauderdale County Sheriff's Department; JOHN | ) |
| DOE 3, in his individual and official capacity as a | ) |
| deputy of the Lauderdale County Sheriff's Department; | ) |
| JOHN DOE 4, in his individual and official capacity as | ) |
| a 25th Judicial Drug Task Force Officer; and JOHN | ) |
| DOE 5, in his individual and official capacity as a 25th | ) |
| Judicial Drug Task Force Officer, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT CITY OF RIPLEY'S MOTION FOR SUMMARY
JUDGMENT AS TO ALL CLAIMS AGAINST THE RIPLEY POLICE DEPARTMENT
&
GRANTING LAUDERDALE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM**

This action arises from a June 5, 2015 arrest and subsequent detention of Plaintiffs Dayle L. Grace (née Dedmon) and Thomas Alexander Grace, following a reckless driving complaint. (ECF No. 1.) Plaintiffs allege that the arrest and detention violated their civil rights pursuant to 42 U.S.C. § 1983 and amounted to wrongful arrest and imprisonment, battery, civil conspiracy, and intentional infliction of emotional distress under Tennessee state law. (Id.)

On September 29, 2016, Defendants Lauderdale County, an entity named as the "Lauderdale County Sheriff's Department," Lauderdale County Mayor Maurice Gaines, Sheriff Steve Sanders, and John Does 1-3 (collectively, "the Lauderdale Defendants"), filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 29.) On November 17, 2016, Plaintiffs responded in opposition. (ECF No. 40.)

On October 4, 2016, Defendant City of Ripley filed its Initial Motion for Summary Judgment as to all Claims Against the Ripley Police Department and its Statement of Material Facts Upon Which Defendant Relies in Support of Its Initial Motion for Summary Judgment as to all Claims Against the Ripley Police Department. (See ECF Nos. 32; 32-3.) Plaintiff did not respond, and the time in which to do so has expired. See L.R. 56.1(b); see also L.R. 56.1(d) ("Failure to respond to a moving party's statement of material facts . . . within [28 days after the motion is served] shall indicate that the asserted facts are not disputed for purposes of summary judgment."). For the reasons stated below, the Court GRANTS the Lauderdale Defendants' Motion to Dismiss for Failure to State a Claim, and GRANTS Defendant City of Ripley's Initial Motion for Summary Judgment as to all Claims Against the Ripley Police Department.

## I. BACKGROUND

### A. Factual Background

On June 5, 2015, Plaintiffs were arrested. (Compl., ECF No. 1 ¶ 53.) Plaintiffs allege the following facts leading up to their arrest: a reckless driving complaint was announced over dispatch, to which Officer Fine responded. (Id. ¶¶ 20-21.) Officer Fine identified Plaintiffs' vehicle in the parking lot of Olympic Steakhouse in Ripley, TN as matching the dispatch description, and then made contact with Plaintiffs. (Id. ¶¶ 20-21, 23.) At that time, Ms. Dedman was driving the vehicle, and her fiancée Mr. Grace and her six year-old daughter were passengers. (Id. ¶ 22.) After closer examination, Officer Fine concluded that Plaintiffs' vehicle further matched the dispatch description. (Id. ¶¶ 24-25.) Ms. Dedman notified Officer Fine that she was currently on depression medication and suffered from astigmatism. (Id. ¶¶ 26-27.) Officer Fine then conducted a field sobriety test on Ms. Dedmon, and observed a tobacco pipe and a vial containing a green leafy substance labeled "Krazy Jack" in the vehicle. (Id. ¶¶ 24-32.) Plaintiffs were subsequently incarcerated as a result of Officer Fine's Affidavit of Complaint for several months. (Id. ¶ 36.) Neither Plaintiffs nor their counsel received results from pending drug tests during their detention. (Id. ¶¶ 38-39.) This failure to supply the drug tests resulted in the dismissal of charges against Plaintiffs. (Id. ¶ 39.)

### B. Procedural Background

On June 6, 2016, Plaintiffs brought this action against Defendants asserting five causes of action: (1) violation of 42 U.S.C. § 1983; (2) wrongful arrest and wrongful imprisonment; (3) battery; (4) civil conspiracy; and (5) intentional infliction of emotional distress. (ECF No. 1 at PageIDs 7-12.) Plaintiffs seek compensatory and punitive damages, as well as reasonable attorneys' fees and costs. (Id. at PageID 13.)

On September 29, 2016, Defendants Lauderdale County, an entity named as the "Lauderdale County Sheriff's Department," Lauderdale County Mayor Maurice Gaines, Sheriff Steve Sanders, and John Does 1-3 (collectively, "the Lauderdale Defendants"), filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 29.) Specifically, the Lauderdale Defendants contend that the "Lauderdale County Sherriff's Department" is not an entity subject to suit, and that naming of Mayor Gaines, Sheriff Sanders, and John Does 1-3 are redundant because Lauderdale County has been named as a defendant. (Id. at PageID 116-17.) Further, the Lauderdale Defendants argue the state law Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq*, claims should be dismissed or the Court should decline to exercise supplemental jurisdiction over such claims.[1] (Id. at PageID 120.)

On October 3, 2016, Defendants City of Ripley, Jon Pavletic, Donnell Baltimore, and Shaun Fine (collectively, "Ripley Defendants") filed their Answer. (ECF No. 31.) The Ripley Defendants assert in their Answer that the individuals listed in their individual capacities should be dismissed because the City of Ripley is a named defendant. (Id. ¶ 10.) They also assert that neither Mayor Jon Pavletic nor the City of Ripley was properly served. (Id. at PageID 154 ¶ 1.)

On October 4, 2016, Defendant City of Ripley filed a Motion for Summary Judgment as to all claims against the Ripley Police Department arguing that a municipal police department is not a separate, suable legal entity under 42 U.S.C. § 1983 and, as the City of Ripley is already a named defendant, it is redundant to name the police department. (ECF No. 32.)

---

[1] Under the Tennessee Governmental Tort Liability Act ("TGTLA"), a governmental entity is immune from tort-related suits except "for injuries resulting from the negligent operation by any employee of a motor vehicle or other equipment while in the scope of employment," Tenn. Code Ann. § 29-20-202(a); and/or for "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment," Tenn. Code Ann. § 29-20-205. The Sixth Circuit Court of Appeals has held that the Tennessee legislature's unequivocal preference that TGTLA claims be handled by its own state courts is "an exceptional circumstance for declining [supplemental] jurisdiction" over such claims. Gregory v. Shelby County, Tennessee, 220 F.3d 433 (6th Cir. 2000). Since this ruling, however, district courts have diverged on their interpretation of the Sixth Circuit's holding. See, e.g., Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

On October 19, 2016, the parties filed their Rule 26(f) Report and joint scheduling order. (ECF No. 33.) On October 27, 2016, the Court held a telephonic Scheduling Conference. (Min. Entry, ECF No. 35.)

On November 16, 2016, Plaintiffs filed a Response in opposition to Defendants Lauderdale County, "Lauderdale County Sheriff's Department," Lauderdale County Mayor Maurice Gaines, Sheriff Steve Sanders, and John Does 1-3's Motion to Dismiss. (ECF No. 40.)

## II. LEGAL STANDARD

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777, 781 (6th Cir. 2014) (per curiam). "A genuine dispute of material facts exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc., 757 F.3d 540, 543-44 (6th Cir. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448-49 (citing Matsushita, 475 U.S. at 587; Fed.

R. Civ. P. 56(e)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)).

To show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012) (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)), cert. denied, 133 S. Ct. 866 (2013). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (acknowledging that a district court has no duty to search entire record to establish grounds for summary judgment).

**B.      Motion to Dismiss for Failure to State a Claim**

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

## III. ANALYSIS

### A. Summary Judgment Motion as to All Claims Against the Ripley Police Department

The Court finds there is no genuine dispute of material fact as to whether the Ripley Police Department is a separate entity subject to suit. Defendant City of Ripley argues that the Ripley Police Department "is not separate legal entity which may be sued under 42 U.S.C. § 1983 . . . [and] should be dismissed as a matter of law." (ECF No. 32-1 at PageID 168.) Plaintiffs failed to respond. Because Plaintiffs have "fail[ed] to make a sufficient showing of an

essential element of [their] case on which [they] bear[] the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." <u>Martinez v. Cracker Barrel Old Country Store, Inc.</u>, 703 F.3d 911, 914 (6th Cir. 2013).

In addition to failing to file a response to the defendants' summary judgment motion, the plaintiff has failed to respond to the defendants' Statement of Undisputed Material Facts (ECF No. 32-2). Failure to respond to a summary judgment movant's statement of material facts "shall indicate that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.1(d). Therefore, taking Defendant City of Ripley's facts as admitted and for the same reasoning discussed below (<u>see</u> Part B.1), the Court finds that the Defendant City of Ripley has established their entitlement to summary judgment. For these reasons, the Court finds there is no genuine dispute of material fact as to whether the Ripley Police Department is a suable entity under § 1983. The Court thus GRANTS Defendant City of Ripley's Motion for Summary Judgment as to all claims against the Ripley Police Department. All claims against the Ripley Police Department are hereby DISMISSED.

### B.    Motion to Dismiss for Failure to State a Claim

The Lauderdale Defendants contend that the claims against it should be dismissed for four reasons. First, the Lauderdale Defendants argue Plaintiffs "have failed to state a claim against any of the Lauderdale County Defendants." (ECF No. 29 at PageID 116.) Second, the Lauderdale Defendants assert that the "Lauderdale County Sheriff's Department" is not an entity subject to suit. (<u>Id.</u> at PageIDs 116-17.) Third, the Lauderdale Defendants contend that the Complaint's naming of Mayor Gaines, Sheriff Sanders, and John Does 1-3 are redundant because Lauderdale County is a named defendant. (<u>Id.</u> at PageID 117.) Fourth, the Lauderdale Defendants argue Plaintiffs' state law claims should be dismissed or the Court should decline to

exercise supplemental jurisdiction over claims under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq*. ("TGTLA"). (<u>Id</u>. at PageIDs 117, 120.)

In their response, Plaintiffs make five arguments. First, Plaintiffs contend that the Complaint alleges the Lauderdale Defendants "where negligent in [their] failure to submit to the Tennessee Bureau of Investigation drug samples collected during an arrest made on June 5, 2015." (ECF No. 40-1 at PageID 196.) Second, Plaintiffs oppose the dismissal of the Lauderdale County Sherriff's Department because "Tennessee has not conclusively held that a Sheriff's Department is capable of being sued under Tennessee law." (<u>Id</u>. at PageID 196.) Third, Plaintiffs oppose the dismissal of their "official capacity claim[s] against a governmental official" because precedent does not mandate dismissal of these claims if the governmental entity is also named. (<u>Id</u>. at PageIDs 196-97.) Fourth, Plaintiffs argue the Court should exercise supplemental jurisdiction over their state law claims because dismissal of Plaintiffs' state law claims would necessitate duplicative litigation which would be wasteful of judicial and litigant resources. (<u>Id</u>. at PageIDs 197-99.) Fifth, Plaintiffs contend that neither Defendant Sheriff Sanders nor Defendant Mayor Gaines should be dismissed because "Sheriff Sanders is the final policymaker over matters at the Lauderdale County Jail" and because Mayor Gaines "acts as the County Executive as the Mayor of Lauderdale County." (<u>Id</u>. at PageIDs 199-200.)

The Court addresses each of the parties' arguments in turn, first addressing whether Lauderdale County Sherriff's Department is an entity subject to suit; second, whether the official-capacity claims against Defendants Mayor Gaines, Sheriff Sanders, and John Does 1-3 must be dismissed because Lauderdale County is a named defendant; third, whether the individual-capacity claims against John Does 1-5 are time-barred; fourth, whether Plaintiffs have

failed to state a claim upon which relief can be granted under § 1983; and fifth, whether the

Court should exercise supplemental jurisdiction over Plaintiffs' state law claims.

### 1.    Whether a Sherriff's Department or Police Department is a Suable Entity under § 1983

In <u>Matthew v. Jones</u>, the Sixth Circuit Court of Appeals confirmed that a city or county

police department is not a legal entity against whom a suit can be directed; the proper party is the

city or county itself.  <u>Matthews v. Jones</u>, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police

Department is not an entity which may be sued . . . [thus the] County is the proper party to

address the allegations of . . . [the] complaint."); <u>see also</u> <u>Haverstick Enterprises, Inc. v. Fin. Fed.</u>

<u>Credit, Inc.</u>, 803 F.Supp. 1251, 1256 (E.D. Mich. 1992) <u>aff'd</u>, 32 F.3d 989 (6th Cir. 1994).

Since the Sixth Circuit's decision in <u>Matthews</u>, district courts in Tennessee have

frequently and uniformly held that police departments and sheriff's departments are not proper

parties to a § 1983 suit.[2]

The Court, therefore, finds the Lauderdale County Sheriff's Department should be

DISMISSED as a defendant because it is not an entity subject to suit under § 1983 and because

Lauderdale County, the proper defendant, is already a named party.

---

[2] <u>See</u>, <u>e.g.</u>, <u>Taylor v. City of Jackson</u>, No. 12-1221, 2013 WL 5781680, at *3 (W.D. Tenn. Oct. 24, 2013) ("The Court agrees that the City of Jackson Police Department is not a suable entity, and any claims against it should be dismissed. The City of Jackson is the proper party to address the claims asserted by this Plaintiff."); <u>Mathes v. Metro. Gov't of Nashville & Davidson Cty.</u>, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010);  <u>CP ex rel. Powell v. Alcoa Police Dep't</u>, No. 3:10-CV-197, 2010 WL 2698290, at *2 (E.D. Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); <u>Smith v. Tennessee Dep't of Correction</u>, No. 3-09-0485, 2009 WL 1505308, at *3 (M.D. Tenn. May 27, 2009) ("[S]heriffs' offices and police departments are not bodies politic, and as such are not "persons" within the meaning of § 1983. . . ."); <u>Pruitt v. Lewis</u>, No. CIV.A. 06-2867, 2007 WL 4293037, at *2 (W.D. Tenn. Dec. 6, 2007) ("The Plaintiffs have included in this litigation as a Defendant, Tipton County, Tennessee. Because it is redundant to name a sheriff's department along with the parent county, the Plaintiffs' suit against the Tipton County Sheriff's Office is DISMISSED."); <u>Obert v. Pyramid</u>, 381 F.Supp.2d 723, 725 n. 1 (W.D. Tenn. 2005) ("Defendant correctly notes that the Memphis Police Department does not legally exist and is not a proper party to this action . . . . [T]he City of Memphis is properly a Defendant . . . .").

### 2. Whether Official-Capacity Defendants Should be Dismissed When the Governmental Entity is a Named Defendant

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 68 (1989)).    Accordingly, when a complaint asserts a claim against an officer or employee of a governmental entity, in his or her official capacity, and against the governmental entity itself, a district court may dismiss the official-capacity claim. See Doe v. Claiborne Cnty., 103 F.3d 495, 509 (6th Cir.1996) (citing Kentucky v. Graham, 473 U.S. 159, 165–66 (1985)) (affirming a district court's dismissal of official-capacity claims against school officials "because a suit against an official of the state is treated as a suit against the municipality."); see also Hester v. City of Memphis, No. 06–2407 B, 2007 WL 708568 (W.D. Tenn. Mar. 5, 2007) (dismissing official-capacity claims against individual officers where government employer was also named as a defendant); Turner v. Blount County, No. 3:06–cv–471, 2008 WL 3852358 (E.D. Tenn. Aug. 14, 2008) (holding that county was actual defendant in official-capacity suit, and dismissing claims against individual officers in their official capacities); Oshop v. One, No. 3:09-0063, 2009 WL 3247356 (M.D. Tenn. Oct. 1, 2009); Minor v. Foster, No. 3:12-1332, 2013 WL 4521101, at *2 (M.D. Tenn. Aug. 27, 2013) ("If the government entity is a named defendant, the official capacity claim against an employee should be dismissed as being duplicative.").

Plaintiff having named the proper Defendant, Lauderdale County, the Court now finds the official-capacity claims against Mayor Gaines, Sheriff Sanders, and John Does 1-3 ought to be dismissed to avoid redundancy. The Court therefore DISMISSES the official-capacity claims against Defendants Mayor Gaines, Sheriff Sanders, and John Does 1-3.

### 3. Whether the Individual-Capacity Claims Against John Does 1-5 are Time-Barred

Plaintiffs' Complaint asserts individual-capacity claims against John Does 1-3, "Deputies with the Lauderdale County Tennessee Sheriff's Department," and John Does 3-5, "members of the 25th Judicial District Drug Task Force of Lauderdale County, Tennessee." (ECF No. 1 at PageID 3.) The Lauderdale Defendants assert that "the claims against John Does 1-3 are [] barred by the statute of limitations." (ECF No. 29-1 at PageIDs 117-19.) For the following reasons, the Court finds John Does 1-5 are barred by the statute of limitations.

As to John Does 1-3, Plaintiffs failed to respond to Defendants' statute of limitations argument. As the Lauderdale Defendants point out, it is unclear from which date the statute of limitation clock runs. The statute of limitations period for § 1983 claims is one year in Tennessee. Harper v. Gov't, No. 15-2502-STA-CGC, 2016 WL 737947, at *2 (W.D. Tenn. Feb. 23, 2016). The dates provided in the Complaint are as follows: June 5, 2015 as the date of Plaintiffs' arrest (ECF No. 1 at PageID 8), and July 24, 2015 as the date of Plaintiffs' Preliminary Hearing (id. at PageID 6). The Complaint was filed on June 6, 2016 naming John Does 1-3. (ECF No. 1.)

The Sixth Circuit holds that Federal Rule of Civil Procedure 15 forecloses a plaintiff from naming "unknown police officers" in the original complaint and then amending the complaint with the named defendants after the statute of limitations has expired. Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). In the instant case, the statute of limitations period expired on either June 5, 2016 or July 24, 2016. Both dates have now passed and Plaintiffs have failed to provide names for Defendants John Does 1-3. Accordingly, the Court DISMISSES all individual-capacity claims against John Does 1-3 as time-barred.

Although neither party addresses this issue as to John Does 4-5, the Court also DISMISSES, under similar reasoning, all claims against these defendants. In sum, the Court DISMISSES all claims against John Does 1-5.

### 4. Whether the Complaint Fails to State a Claim Under § 1983

Having dismissed claims against the Lauderdale County Sheriff's Department and the official-capacity claims against Mayor Gaines, Sheriff Sanders, as well as all claims against John Does 1-5, the Court now assesses whether the Complaint fails to state a claim against Defendant Lauderdale County and against Defendants Mayor Gaines and Sheriff Sanders in their individual capacities under § 1983.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. Cnty. of Oakland, 615 Fed.Appx. 291, 295 (6th Cir. 2015). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F.Supp.2d 1353, 1357 (W.D. Tenn. 2001). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

A § 1983 action "normally should be brought against either or both of two defendants: [1] the local public official in his individual capacity and [2] the local government which

employs or is sought to be held responsible for the acts of that local public official." <u>Leach v.</u> <u>Shelby County Sheriff</u>, 891 F.2d 1241, 1244-45 (6th Cir. 1989). The inquiry under § 1983 differs for each defendant.

To successfully bring a claim against a local government under § 1983, a plaintiff must establish the local government's "policy or custom cause[d] the constitutional violation in question." <u>Miller v. Calhoun Cty.</u>, 408 F.3d 803, 813 (6th Cir. 2005); <u>see also</u> <u>Miller v. Sanilac</u> <u>Cnty.</u>, 606 F.3d 240, 254–55 (6th Cir. 2010); <u>Waters v. City of Morristown, Tenn.</u>, 242 F.3d 353, 362 (6th Cir. 2001). A plaintiff may invoke a custom, policy, or practice sufficient to state a claim for local government liability by alleging "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." <u>D'Ambrosio v. Marino</u>, 747 F.3d 378, 386 (6th Cir. 2014) (alterations in original). "A local governmental entity, such as a city or county, 'is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city [or county] itself is the wrongdoer.'" <u>Moore</u> <u>v. Gray</u>, No. 15-2555-JDT-CGC, 2016 WL 3080991, at *5 (W.D. Tenn. May 31, 2016) (quoting <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 121 (1992)). Because a local government does not incur *respondeat superior* liability under § 1983, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen" to avoid dismissal under Rule 12(b)(6). <u>Bright v. Gallia Cnty., Ohio</u>, 753 F.3d 639, 660 (6th Cir. 2014) (citing <u>Lambert v. Hartman</u>, 517 F.3d 433, 439 (6th Cir. 2008)).

To successfully bring a claim against a local government official, in his or her individual capacity, under § 1983, a plaintiff must allege the local government official acted under color of state law when he deprived Plaintiff of a constitutional or federal right. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); McPherson v. Scan Source/Southaven, No. 12–2971–JDT–TMP, 2013 WL 3974540, at *3 (W.D. Tenn. Aug. 2, 2013). "[T]here is no *respondeat superior* liability under § 1983, such as 'where the allegation of liability is based upon a mere failure to act. Rather, the supervisors must have actively engaged in unconstitutional behavior.'" Shorts v. Bartholomew, 255 F. App'x 46, 53 (6th Cir. 2007) (quoting Gregory v. Louisville, 444 F.3d 725, 751 (6th Cir. 2006)). That is, "[s]upervisory officials can be liable in their individual capacity under Section 1983 only for their own unconstitutional behavior." DJahspora v. City of Jackson, No. 1:15-CV-01269-JDT-EGB, 2016 WL 4702432, at *2 (W.D. Tenn. Aug. 30, 2016), report and recommendation adopted, No. 15-1269-JDT-EGB, 2016 WL 5138151 (W.D. Tenn. Sept. 21, 2016) (citing Heyerman v. County of Calhoun, 680 Fed.3d 642, 647 (6th Cir. 2012)).

### i.    Lauderdale County

In the instant case, the allegations of the Complaint are insufficient to state a claim for local government liability against Lauderdale County under § 1983. It is clear from the Complaint that Plaintiffs rely entirely on the fact that Lauderdale County officers participated in their detention and criminal investigation (ECF No. 1 ¶¶ 9, 11, 13, 60), and that their detainment is the basis for their claim that Lauderdale County violated their civil and Fourth Amendment rights. None of the alleged facts, however, supports an inference that Plaintiffs were harmed by an unconstitutional  Lauderdale County "policy or custom." Miller v. Calhoun Cty., 408 F.3d 803, 813 (6th Cir. 2005). The Complaint does not identify or describe any illegal policy or legislative act of Lauderdale County, nor does it assert that any particular official with final

decision making authority ratified illegal actions; it does not assert any policies, procedures, practices, or customs relating to training or supervision; it does not allege the existence of a custom of tolerance of or acquiescence in federal rights violations that caused the alleged violations of the Plaintiffs' rights; and it does not identify any other previous instances of similar violations that would have put Lauderdale County on notice of a problem.  See D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014).

Accordingly, the Court finds that the Complaint does not contain sufficient factual allegations to state a claim for liability against Lauderdale County under § 1983.   The Court therefore DISMISSES Plaintiffs' § 1983 claims against Lauderdale County.

### ii.       Defendants Sheriff Sanders and Mayor Gaines

The Court finds Plaintiffs failed to allege that either Sheriff Sanders or Mayor Gaines were personally involved or had contemporaneous knowledge of the incidents underlying the Complaint.   The Complaint asserts individual-capacity claims against Sheriff Sanders and Mayor Gaines.  (ECF No. 1 at PageID 3.)  Plaintiffs argue that their claims against Sheriff Sanders are proper because "Sheriff Sanders is the final policymaker over matters at the Lauderdale County Jail."  Plaintiffs assert their claims against Mayor Gaines are proper because Mayor Gaines "acts as the County Executive as the Mayor of Lauderdale County."  (Id. at PageIDs 199-200.)

In the instant case, Mayor Gaines is only mentioned once in the Complaint.  The allegations are conclusory; there are no factual allegations from which the Court could infer that Mayor Gaines was personally involved or had contemporaneous knowledge of Plaintiffs' detention or failure to locate Plaintiffs' drug test results.   There is also no allegation that Mayor

16

Gaines was personally involved or had contemporaneous knowledge of a policy that lead to the incidents underlying the Complaint. Allegations against Sheriff Sanders are equally limited and conclusory. For these reasons, the Court DISMISSES the § 1983 claims against Sheriff Sanders and Mayor Gaines in their individual capacities.

In sum, the Court finds the Complaint fails to state a claim against Defendant Lauderdale County and against Defendants Mayor Gaines and Sheriff Sanders in their individual capacities under § 1983.[3]

### 5. Whether the Court Should Exercise Supplemental Jurisdiction Over State Law Claims

In addition to urging dismissal for failure to state a claim, the Lauderdale Defendants maintain that the Court should decline supplemental jurisdiction over Plaintiffs' state law claims. (ECF No. 29-1 at PageID 120.) The Lauderdale Defendants first argue that the Court does "not have supplemental jurisdiction over the state law claims raised under the [T]GTLA." (Id. at PageID 122.) The Lauderdale Defendants further argue that "if the Court were to find that Plaintiffs adequately asserted claims against Lauderdale County pursuant to the [T]GTLA, the Court should decline to exercise its' [sic] supplemental jurisdiction over those claims." (Id. at PageID 121.) Plaintiffs contend that "[t]he Court should, in its discretion, exercise supplemental jurisdiction over the pendent state law claims to preserve Judicial Economy and to further the purpose of Section 1983." (ECF No. 40-1 at PageID 197.) The parties highlight the varying treatment of supplemental jurisdiction over TGTLA in the district courts.

---

[3] Because Plaintiffs' § 1983 claims against the Lauderdale Defendants are dismissed, the Court need not address whether Plaintiffs fail to state a claim under Rule 12(b)(6) for either a civil rights violation or a wrongful arrest under the Fourth Amendment.

The Court finds in this case, however, that it need not address the varying views regarding the exercise of supplemental jurisdiction over TGTLA claims. Even if the Court were to exercise supplemental jurisdiction over Plaintiffs' state law claims against the Lauderdale Defendants, all Plaintiffs' state law claims against the Lauderdale Defendants must be dismissed for failure to state a claim under Rule 12(b)(6).[4]

### i.     Intentional Infliction of Emotion Distress

Plaintiffs allege that all Defendants are liable for intentional inflection of emotional distress. (ECF No. 1 ¶ 81.) "Tenn. Code Ann. § 29-20-205(2) expressly states that a governmental entity retains immunity under the [T]GTLA for negligence claims that arise from claims for . . . intentional infliction of emotional distress. . . ." Jackson v. Thomas, No. M2010-01242-COA-R3CV, 2011 WL 1049804, at *5 (Tenn. Ct. App. Mar. 23, 2011). Thus, in the instant case, Lauderdale County retains immunity. Id.

Plaintiffs have also failed to set out factual allegations as to either Sheriff Sanders or Mayor Gaines's sufficient to establish "'[t]he elements of an intentional infliction of emotional distress . . . that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff.'" Odom v. Claiborne Cty., Tennessee, 498 S.W.3d 882, 886 (Tenn. Ct. App. 2016) (quoting Rogers v. Louisville Land Co., 367 S.W.3d 196, 205 (Tenn. 2012)). The Complaint merely alleges that the Defendants' conduct was intentional but does not point to any facts supporting this conclusion and does not point to any specific conduct by either Sheriff Sanders or Mayor Gaines. Plaintiffs also fail to allege any acts by Sheriff Sanders or Mayor Gaines which would

---

[4] The Court having dismissed all claims against the Lauderdale County Sheriff's Department, John Does 1-5, and all § 1983 claims against Lauderdale County, Sheriff Sanders, and Mayor Gaines, the only remaining claims are Plaintiffs' state law claims against Lauderdale County and against Sheriff Sanders and Mayor Gaines in their individual capacities.

rise to the level of outrageous conduct.  Therefore, as a matter of law, Plaintiffs have not made

allegations sufficient to support an intentional infliction of emotional distress claim against

Lauderdale County, Sheriff Sanders, or Mayor Gaines.  For these reasons, the Court GRANTS

the Lauderdale Defendants' motion to dismiss Plaintiffs' intentional infliction of emotional

distress claim against them for failure to state a claim under Rule 12(b)(6).

### ii.        Battery

Plaintiffs allege that all Defendants are liable for battery.  (ECF No. 1 ¶ 67.)  In

Limbaugh v. Coffee Medical Center, 59 S.W.3d 73, 83 (Tenn. 2001), the Tennessee Supreme

Court held that the intentional torts exception to the TGTLA does not extend to claims for assault

and battery.  To prevail under Limbaugh, a plaintiff must show that the negligence on the part of

the governmental entity resulted in the assault or battery.  Hughes v. Metro. Gov't of Nashville &

Davidson Cnty., 340 S.W.3d 352, 368-69 (Tenn. 2011).

In this case, Plaintiffs have not identified any negligent act by Lauderdale County, Sheriff

Sanders, or Mayor Gaines that led to the alleged battery committed against Plaintiffs.  Because

the Plaintiffs have failed to allege this essential element, and because Plaintiffs failed to make

any factual allegations that either Sheriff Sanders or Mayor Gaines specifically committed

battery, Plaintiffs' battery claim against Lauderdale County, Sheriff Sanders, and Mayor Gaines

must be dismissed for failure to state a claim under Rule 12(b)(6).  The Court therefore

GRANTS the Lauderdale Defendants' motion to dismiss this claim.

### iii.        Civil Conspiracy

Finally, the Complaint purports to state a claim for "civil conspiracy."  (ECF No. ¶ 72.)

Conspiracy "requires an underlying predicate tort allegedly committed pursuant to the

conspiracy."  Watson's Carpet & Floor Coverings, Inc. v. McCormick, 247 S.W.3d 169, 180

(Tenn. Ct. App. 2007). Conspiracy, standing alone, is not actionable where the underlying torts are not actionable. Id. at 179–80. Because Plaintiffs have not established any other actionable tort, the claim of conspiracy to commit such torts must also be dismissed. Even if another tort was actionable, however, Plaintiffs failed to sufficiently allege facts supporting an inference that Defendants Lauderdale County, Sheriff Sanders, or Mayor Gaines committed a civil conspiracy under Tennessee law.

> A civil conspiracy under Tennessee law requires a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means. The requisite elements of the cause of action are common design, concert of action, and an overt act. Injury to person or property, resulting in attendant damage, must also exist.

Menuskin v. Williams, 145 F.3d 755, 770 (6th Cir. 1998); Braswell v. Carothers, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993). The Complaint asserts that "Defendants have conspired to deprive Plaintiffs" (ECF No. 1 ¶ 74), but fails to allege any facts to support this conclusory assertion. The Complaint also fails to allege any overt act done by Lauderdale County, Sheriff Sanders, or Mayor Gaines. Rather, the Complaint asserts "Defendants Fine, and Does 1-5 acted in concert, conspiring to violate the protections afforded Plaintiffs under the law." (Id. ¶ 75.) Plaintiffs' failure to sufficiently allege factual content that allows the court to draw the reasonable inference that Defendants Lauderdale County, Sheriff Sanders, or Mayor Gaines are liable for a civil conspiracy, compels the Court to dismiss this claim under Rule 12(b)(6). The Court thus GRANTS the motion to dismiss Plaintiffs' civil conspiracy claims against the Lauderdale Defendants for failure to state a claim under Rule 12(b)(6).

In sum, the Court DISMISSES all of Plaintiffs' state law claims against Defendants Lauderdale County, Mayor Gaines, and Sheriff Sanders.

For the reasons stated above, the Court DISMISSES all claims against Lauderdale County Sheriff's Department; the official-capacity claims against Mayor Gaines and Sheriff Sanders; all claims against John Does 1-5; all § 1983 claims against Defendants Lauderdale County, Mayor Gaines, and Sheriff Sanders; and all of Plaintiffs' state law claims against Defendants Lauderdale County, Mayor Gaines, and Sheriff Sanders.  The Court, therefore, GRANTS the Lauderdale Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 29) in its entirety.

## IV.     CONCLUSION

For the reasons stated above, the Court GRANTS the Lauderdale Defendants' Motion to Dismiss for Failure to State a Claim, and GRANTS Defendant City of Ripley's Initial Motion for Summary Judgment as to all Claims Against the Ripley Police Department.


**IT IS SO ORDERED**, this 2nd day of March, 2017.

 /s/ Jon P. McCalla

JON P. McCALLA

 UNITED STATES DISTRICT COURT JUDGE
